IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC WAYNE MURPHY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ROADWAY EXPRESS, INC., ET AL. | : | NO. 08-3248 |

## ORDER-MEMORANDUM

**AND NOW**, this 17th day of October, 2008, upon consideration of the Motions to Dismiss filed by Defendants Roadway Express, Inc. ("Roadway") (Docket No. 2) and Robert L. Megna (Docket No. 7), **IT IS HEREBY ORDERED** that Defendants' Motions are **GRANTED**.[1]  **IT IS FURTHER ORDERED** that this case is **DISMISSED**, with prejudice, in its entirety. The Clerk shall close this case statistically.

I.    PROCEDURAL HISTORY

Murphy initially filed this action in the Magisterial District Court of the Court of Common Pleas of Montgomery County, Pennsylvania, asserting claims against Defendants pursuant to the Fourth and Fourteenth Amendments and state law. Judgment was entered against Murphy, and in favor of Roadway, on May 9, 2008. He appealed to the Court of Common Pleas of Montgomery County and Roadway removed to this Court on July 10, 2008.[2]  Defendants Roadway and Robert L. Megna, the Commissioner of the New York State Department of Taxation and Finance, subsequently filed the instant Motions to Dismiss. Murphy has not responded to either Motion.

This instant action is related to an action previously brought by Murphy in this Court, Eric

---

[1] Murphy did not file a response to either Motion to Dismiss. Although the Motions are, therefore, unopposed, the Court declines to grant the Motions as uncontested pursuant to Local Rule of Civil Procedure 7.1(c), and instead has considered the Motions on their merits.

[2] At the time of removal, Roadway was the only Defendant named in the Complaint that had been served.

W. Murphy v. Lisa M. Yates & Yellow Roadway Corp., Civ. A. No. 05-2552 (E.D. Pa.). In that case, as in the instant litigation, Murphy alleged violations of his constitutional rights arising out of Roadway's "garnishment of his property pursuant to an Income Execution Order from the New York State Department of Taxation and Finance." Murphy v. Yates, Civ. A. No. 05-2552, 2005 U.S. Dist. LEXIS 18553, at *2 (E.D. Pa. Aug. 8, 2005). In Murphy v. Yates, Murphy asserted claims against Roadway and Yates pursuant to 42 U.S.C. § 1983 for unlawful seizure in violation of his Fourth, Fifth and Fourteenth Amendment rights. Id. at *1-2. Those claims were dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Yates and Roadway, who are private parties and not state actors, could not be held to be liable for violating Murphy's constitutional rights pursuant to § 1983. Id. at *7-8 (citing Smith v. Kitchen, 156 F.3d 1025, 1028-29 (10th Cir. 1997)).

The Complaint in this action asserts that Warrant Officer H. Cadet and Assistant Attorney General Louis Lepore unlawfully seized personal property belonging to Murphy on June 21, 1995. (Compl. ¶ 7.) The Complaint further alleges that Roadway unlawfully seized personal property of Murphy. (Id. ¶ 17.) The alleged seizures appear to arise from the New York State tax debt and Income Execution Order from the New York State Department of Taxation and Finance that formed the basis of Murphy's 2005 action. (Roadway Ex. C.[3]) The Complaint alleges claims against both Defendants pursuant to the Fourth and Fourteenth Amendments (the First and Second Causes of

---

[3]Roadway filed a copy of the Income Execution Order with both its Notice of Removal and its Motion to Dismiss. It is not clear whether a copy of this Order was attached to the Complaint when it was filed by Murphy in state court. However, we may consider the Income Execution Order in the context of the instant Motions to Dismiss because it is a public record. When determining a Motion to Dismiss pursuant to Rule 12(b)(6), the court may generally consider "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum v. Bank of America, 361 F.3d 217, 222 (3d Cir. 2004). Public records include records of prior judicial proceedings. S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999).

Action), a claim against Roadway for failure to properly train and supervise its employees (the Third Cause of Action), and a claim apparently against both Defendants pursuant to the Uniform Commercial Code (the Fourth Cause of Action). The Complaint seeks the return of all property seized from Murphy, compensatory damages in the amount of $24,075 and punitive damages in the amount of $72,225. Both Defendants have moved to dismiss all claims alleged against them pursuant to Federal Rule of Civil Procedure 12(b)(6).

II.     LEGAL STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6), we take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). While the Complaint's factual allegation need not be detailed, the grounds upon which the claim rests must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65 (citation omitted). In the end, we will grant the 12(b)(6) motion if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." Id. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)).

III.    DISCUSSION

    A.    <u>Claims Against Commissioner Megna</u>

Commissioner Megna moves to dismiss all claims asserted against him on the ground that those claims are barred by the Eleventh Amendment.[4] The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ." U.S. Const. Amend. XI. "Absent waiver [of Eleventh Amendment immunity], neither a State nor agencies acting under its control may 'be subject to suit in federal court.'" <u>Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.</u>, 506 U.S. 139, 144 (1993) (quoting <u>Welch v. Texas Dep't of Highways & Pub. Transp.</u>, 483 U.S. 468, 480 (1987)). The claims against Defendant Megna appear to arise solely from his actions as the Commissioner of the New York State Department of Taxation and Finance. (Compl. ¶¶ 31-33.) An action brought against a state official in his or her official capacity is "treated as [a claim] against the state itself and therefore [is] also barred by the Eleventh Amendment." <u>Smith v. Philadelphia Dep't of Human Servs.</u>, Civ. A. No. 04-1940, 2005 U.S. Dist. LEXIS 3297, at *10 (E.D. Pa. Mar. 3, 2005) (citing <u>Christy v. Pennsylvania Tpk. Comm'n</u>, 54 F.3d 1140, 1143 (3d Cir. 1995)).[5] We find that Murphy's claims against

---

[4] Commissioner Megna also argues that the claims against him should be dismissed because he was not properly served with the Complaint and because the Tax Injunction Act deprives this Court of jurisdiction over Murphy's claims. We need not address these arguments, however, as we find that Murphy's claims against Commissioner Megna are barred by the Eleventh Amendment.

[5] We note that "the Eleventh Amendment does not preclude suits . . . for prospective injunctive relief against state officials for ongoing violations of federal law." <u>Smith,</u> 2005 U.S. Dist. LEXIS 3297, at *8 n.6 (citing <u>Ex parte Young</u>, 209 U.S. 123 (1908)). <u>Ex parte Young</u> does not, however, apply to Murphy's claims against Commissioner Megna because Murphy seeks only retrospective relief in the form of monetary damages.

Commissioner Megna are barred by the Eleventh Amendment and, accordingly, that the Complaint fails to state a claim against Defendant Megna upon which relief may be granted.[6]  Defendant Megna's Motion to Dismiss is, therefore, granted.

> B. <u>Claims Against Roadway</u>

The First and Second Causes of Action alleged in the Complaint purport to assert claims against Roadway directly under the Fourth and Fourteenth Amendments. (Compl. ¶¶ 44-45.) The Third Cause of Action also purports to assert a claim for violation of Murphy's constitutional rights, alleging that Roadway "failed and neglected to properly train and supervise its employees, with respect to individual rights as secured by the Constitution . . . ." (Compl. ¶ 46.) Murphy cannot, however, directly assert constitutional claims against Roadway. "'[S]uch claims are impermissible because [42 U.S.C.] § 1983 provides an adequate, alternative remedial scheme for plaintiff's alleged constitutional violations.'" <u>Warner v. Montgomery Twp.</u>, Civ. A. No. 01-3309, 2002 U.S. Dist. LEXIS 13257, at *31-32 (E.D. Pa. July 22, 2002) (quoting <u>Smith v. Sch. Dist. of Philadelphia</u>, 112 F. Supp. 2d 417, 430 (E.D. Pa. 2000); <u>see also</u> <u>Rogin v. Bensalem Twp.</u>, 616 F.2d 680, 686-87 (3d Cir. 1980) ("Section 1983 affords [the cross-claimant] remedies at law or equity against the named defendants for any constitutional violations that can be established. . . .  Therefore, it would be a redundant and wasteful use of judicial resources to permit the adjudication of both direct constitutional and § 1983 claims where the latter wholly subsume the former." (footnote omitted));

---

[6]It is not clear whether Eleventh Amendment immunity restricts our subject matter jurisdiction.  See <u>Lombardo v. Commonwealth of Pennsylvania, Dep't of Pub. Welfare</u>, 540 F.3d 190, 197 n.6 (3d Cir. 2008) (stating that "we note that the Supreme Court's jurisprudence has not been entirely consistent in the view that the Eleventh Amendment restricts subject matter jurisdiction"). Consequently, we have analyzed Defendant Megna's Eleventh Amendment argument pursuant to the standard for motions to dismiss brought pursuant to Rule 12(b)(6).

Moiles v. Marple Newtown Sch. Dist., Civ. A. No. 01-4526, 2002 U.S. Dist. LEXIS 15769, at *7 (E.D. Pa. Aug. 23, 2002) (stating that, since plaintiff's constitutional claims could be brought pursuant to 42 U.S.C. § 1983, plaintiff had "'no need or right to assert a cause of action directly under the Constitution.'" (quoting United States v. Bohn, Crim. No. 92-61-02, 1999 U.S. Dist. LEXIS 18522, at *9 (E.D. Pa. Nov. 9, 1999))). The First, Second and Third Causes of Action are, accordingly, dismissed for failure to state a claim upon which relief may be granted.

The Fourth Cause of Action appears to attempt to state a claim under the Uniform Commercial Code. This Cause of Action is, unfortunately, entirely incomprehensible. Although the Complaint makes references to an "Offer" and uses the terms "Secured Party" and "Holder in Due Course," we are unable to discern which (if any) sections of Pennsylvania's Uniform Commercial Code support Murphy's claim against Roadway. The Fourth Cause of Action is, accordingly, dismissed for failure to state a claim upon which relief may be granted.

The United States Court of Appeals for the Third Circuit has instructed that, "if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)). We find that amendment of Murphy's constitutional claims (the First, Second and Third Causes of Action) would be futile, because Roadway's compliance with the Income Execution Order from the New York State Department of Taxation and Finance did not make it a state actor with potential liability pursuant to 42 U.S.C. § 1983 for any violation of Murphy's constitutional rights. See Murphy, 2005 U.S. Dist. LEXIS 18553, at *7-8 (finding that an allegation that defendants complied with the Income Execution Order does not constitute an allegation "that Defendants acted under color of state law so

as to subject them to liability pursuant to Section 1983" (citing Smith v. Kitchen, 156 F.3d at 1028-29)).  We further find that amendment of Murphy's Fourth Cause of Action would be futile because the facts alleged in the Complaint, *i.e.*, Roadway's compliance with the Income Execution Order, cannot support a claim pursuant to Pennsylvania's Uniform Commercial Code.  The Complaint is, accordingly, dismissed with prejudice.

BY THE COURT:

/s/ John R. Padova

_____
John R. Padova, J.